## UNION PAC. R. R. CO. v. JONES.

9   379
12  297

Where, on the trial of an action for damages against a railroad company resulting from fire coming from an engine alleged to belong to defendant, the defendant denies that it operated the railroad running through plaintiff's farm, the uncontroverted evidence, by a station agent of defendant, that the defendant company ran its trains over the road running through plaintiff's farm, though not going clearly to the date of the fire; also that defendant sent him, soon after the fire, to see plaintiff respecting it, and to report concerning it, — is sufficient to establish the fact that defendant was operating the road at the time of the fire, and regarded itself as liable for damages.

### *Appeal from County Court of Boulder County.*

THIS was an action brought before a justice of the peace by Jones, the appellee, to recover the sum of $156 damages for grass and pasturage burned on his farm by a fire set out by the defendant company. The case was afterwards appealed to the county court, where trial was had to the court. The defendant denied setting out the fire; denied that it operated the railroad running through the appellee's farm; denied that it ran the locomotive which it was alleged set out the fire; denied that it was in any way indebted to the plaintiff. Judgment against the defendant company for $109, and costs of suit. Appeal to the supreme court.

Messrs. TELLER and ORAHOOD, for appellant.

Mr. CHAS. M. CAMPBELL, for appellee.

ELBERT, J.   We think it sufficiently appears from the testimony of Van Riper that the defendant company operated the Boulder Valley road at the time of the fire. The witness was the station agent of the defendant company at Boulder; and while his testimony, to the effect that the Union Pacific Railway Company "ran its trains over the Boulder Valley road," is general, and does not clearly go to the date of the fire, the act of the company in sending him, soon after the fire, to see the appellee, Jones, respecting it, and to report concerning it, but without power to settle the damages, is inconsistent with any other theory than that the defendant company was operating the road at the time of the fire, and regarded itself as a party concerned in any claim for damages resulting therefrom.   From all the evidence, it is also reasonably clear that the appellee's grass was fired by sparks from a locomotive attached to one of the defendant's freight trains.

The judgment of the court below is affirmed.

*Affirmed.*