### TEXAS & PACIFIC RAILWAY COMPANY v. H. LEVINE ET AL.
#### No. 538.

1. **Presumption of Negligence from Fire upon Railway Tracks.**
   When fire is set out by sparks from an engine on a railroad the law presumes negligence, and the plaintiff is entitled to recover for damages done by the fire so set out, unless the railway company shall prove that its engine was provided with the best approved apparatus for arresting sparks and preventing their escape, and that such apparatus was properly handled ...... 440

2. **Same—Fact Question.**

   Such loss having been established as caused from sparks escaping upon a railway track, the question of rebutting such presumption is one of fact for the jury, to be decided upon the evidence .................................. 440

3. **Weighing Testimony.**

   The question of weighing testimony devolves first upon the jury in the trial court, and on appeal, upon the Court of Civil Appeals. The matter is in no way within the jurisdiction of the Supreme Court ...................... 440

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Fannin County.

The complaint in the application noticed in the opinion is as follows:

"That the verdict of the jury was contrary to the evidence, and especially was it contrary to it in these particulars: (1) The evidence fails to show any negligence on the part of the railway company, and shows on the contrary that its engines were operated in a skillful and prudent manner, and were provided with appliances for preventing the escape of fire shown by the experience of railway companies to be of the best approved kind. (2) The evidence shows, that the plaintiffs and the compress hands were themselves guilty of negligence in failure to provide proper protection for the cotton, and in placing it too close to the railway track."

The Court of Civil Appeals held the third assignment not well taken, and such action is assigned as appellant's second ground of error.

*Dillard & Muse*, for application.—It is not our desire to make any extended argument in this case, but we do wish to call the court's attention to the facts as they are set out in the transcript, together with the two errors we have assigned in our application for writ of error.

The statement of facts is very short, and that the court may properly apprehend the full import of the errors we have assigned in our application, we have had the statement set out in the transcript at length. An examination of the statement indicates to our minds the incorrectness of the holding of the Court of Civil Appeals. The verdict would in no event have been permitted to stand, except upon the ruling of this court that the setting out of fire to cotton by a passing engine is prima facie proof of negligence, and in this particular case it should not have been permitted to stand even upon this ground, for reasons that we shall refer to later on. But the court not only submitted a charge of negligence upon the part of the railway company, but, with the evidence showing that the engine was in no way improperly handled, submitted the question as to whether or not it was handled in a careless manner. A reading of the evidence will fail entirely to show anything warranting the submission of such a charge.

This court has held, that if a fire is set out by an engine, this fact alone, no more appearing, warrants the court in submitting the ques-

tion of negligence, but so far as we know it has never held, when it is shown how an engine is operated, and the manner of the operating was not negligent, that the mere fact of the setting out of fire would warrant the court, in the face of the positive evidence, in submitting to the jury whether or not the engine was negligently handled. But this case presents stronger reasons why the charge was improper.

The rule making the setting out of fire by a locomotive prima facie evidence of negligence is simply a rule of convenience. When the reason for it fails, the rule is no longer enforced. The facts as to how the engine is operated, and the kind of appliances with which it is equipped, are peculiarly within the knowledge of those having ownership and control over it; therefore, when fire escapes from it, and one's property is injured, the presumption arises that this was from negligence, either in the construction or operation of the engine, and its owners must show the contrary. If, however, there be some positive act done upon the part of him who is injured, which in all likelihood brought about his injury, then the presumption that the fire originated because of negligence in the construction or operation of the engine no longer prevails, but it rests upon the party against whom the facts raise an equal presumption of negligence to show that it was in truth the negligence of the railway company, and no negligence of his, that caused the injury. To illustrate: One has cotton at such distance from the track that there can be no presumption of negligence upon his part in placing it there. An engine passes. Sparks escape from it, and the cotton is burned. The presumption then arises, that there was negligence upon the part of the owners of the engine which caused the damage. But the owner, instead of having his cotton at such distance from the track as to raise no presumption of negligence upon his part, brings it in such close proximity to passing engines that it may well be presumed that he was guilty of negligence. Here, although fire may be set out by passing engines, the mere fact of setting out fire is not sufficient to raise the presumption of negligence upon the part of the company. The owner of the property destroyed has himself placed it in such position that it may be injured even when proper care is used, and the fact of setting fire to it is no longer prima facie evidence of negligence upon the part of the railway company. [Counsel discussed the facts.]

BROWN, Associate Justice.—The judgment from which the writ of error is sought in this case was for the value of cotton alleged to have been burned by fire set by an engine on defendant's railroad. The application must be refused, and in doing so we have thought it best to specify the reasons for our action as to one ground of error assigned.

Plaintiff in error claims that there was no evidence of negligence on the part of the defendant, and that the court erred in submitting that

issue to the jury. If this contention as to the evidence is sound, the application should be granted. It is the established law in this State, that when fire is set out by sparks from an engine on a railroad the law presumes negligence, and the plaintiff is entitled to recover for damages done by the fire so set out, unless the railroad company shall prove that its engine was provided with the best approved apparatus for arresting sparks and preventing their escape, and properly operated. In other words, the proof that the fire which destroyed plaintiff's property was set from an engine on defendant's railroad made a prima facie case upon which he was entitled to recover, in the absence of proof by the railroad company required to rebut the presumption. Consequently the question as to negligence or not becomes a question of fact to be determined upon the evidence. The credibility of the witnesses and the weight to be given to their evidence are matters to be decided by the jury. It is apparent, therefore, that it can not be said that there is no evidence of negligence, when the evidence is such as to give a right of recovery if not rebutted. This being the case, it is not within the power of this court to determine the issue made by the evidence; it is a question of fact, and no matter how overwhelming the rebutting evidence may be, the Constitution and laws of the State have denied jurisdiction to this court.

We would not be understood as asserting that a jury may with impunity disregard evidence and find against it, but the authority to set aside a verdict in such cases is vested, first in the judge of the District Court, and secondly in the Court of Civil Appeals.

However much we might differ with the Court of Civil Appeals as to the effect of the evidence in this case, we must, in the exercise of the jurisdiction conferred upon this court, abstain from assuming authority delegated to that court.

The application for the writ will be refused.

*Application refused.*

Delivered January 21, 1895.