### R. R. Scott et al. v. Texas & Pacific Railway Company.

No. 920. Decided June 28, 1900.

1.  **Negligence — Railway — Fire — Rebutting Presumption — Question of Fact.**

The prima facie case made by plaintiff's proof that his property was burned by fire escaping from a locomotive engine being sufficient to authorize recovery, evidence to rebut it can not make a case of absence of legal evidence of negligence which would authorize the court to withdraw the issue from the jury. (Pp. 627, 628.)

2.  **Same—Presumption—Defects or Negligent Operation.**

From proof of the origin of the fire from a railway engine the jury may infer, either improper equipment or improper handling of the engine, or negligence from one of these causes without determining which, and the court is not authorized to withdraw the issue as to the handling of the engine on the ground that the presumption as to that has been rebutted and submit only the question as to equipment. (Pp. 628, 629.)

3.  **Charge—Omission or Erroneous Direction.**

A charge which instructs the jury to find for the defendant, in a suit for negligently setting out fire from an engine, if he has shown its proper equipment and repair, withdraws the issue as to improper handling from the jury, and is error of which plaintiff may complain without requesting an instruction submitting that issue. (P. 629.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Harrison County.

R. R. Scott, William Batt, and the Marshall National Bank brought separate suits against the railway company for destruction of property severally owned by them. The suits were consolidated and tried together, the issues being the same, and defendant had judgment. Plaintiffs appealed, and on affirmance of the judgment obtained writ of error.

*Scott & Jones,* for plaintiffs in error Scott and Batt, and *T. P. Young,* for plaintiff in error the Marshall National Bank.—The court charged the jury substantially that if the fire was caused by sparks from defendant's engine and the same escaped by reason of defendant's negligence in failing to have its engine equipped with proper appliances, or in failing to exercise ordinary care to keep them in proper repair, the plaintiff could recover, otherwise verdict must be for defendant. There was sufficient testimony from which the jury might have found that the property was destroyed by fire from defendant's engine, and it then devolved upon the defendant to rebut the presumption of negligence by showing a complete defense, as follows: (1) That it had on its engine the best approved spark arrester in use. (2) That it had exercised ordinary care to keep said spark arrester in a reasonably safe condition as regards the escape of fire. (3) That it had caused its engine to be carefully and skillfully handled as regards the escape of fire. Railway v. Gains, 26 S. W. Rep., 873; Campbell v. Goodwin, 28 S. W. Rep., 273; Railway v. Wallace, 74 Texas, 585; Railway v. Searight, 28 S. W. Rep., 39; Railway v. Kelley, 30 S. W. Rep., 488; Railway v. Goode, 26 S. W. Rep., 442.

In submitting the case to the jury the court should have instructed them, that, if the property was destroyed by fire escaping from defendant's engine, then the plaintiff would be entitled to recover, unless the engine was equipped with the best approved spark arrester, and defendant had used ordinary care to keep the same in a reasonably safe condition, and defendant had caused its engine to be skillfully and carefully handled as regards the escape of fire while passing said property. Campbell v. Goodwin, 28 S. W. Rep., 273; Railway v. Johnson, 50 S. W. Rep., 563; Railway v. Gains, 26 S. W. Rep., 873; Railway v. Levine, 29 S. W. Rep., 514, 29 S. W. Rep., 466; Railway v. Dolores Land and Cattle Co., 26 S. W. Rep., 80; Railway v. Goode, 26 S. W. Rep., 441; Railway v. Timmermann, 61 Texas, 663; Railway v. Horne, 69 Texas, 643; Railway v. Donaldson, 73 Texas, 127; Railway v. Wallace, 74 Texas, 584; Dillingham v. Whitaker, 25 S. W. Rep., 723; Railway v. Bartlett, 69 Texas, 82; Railway v. Burnett, 37 S. W. Rep., 780; Railway v. Knight, 41 S. W. Rep., 416; Railway v. Lindley, 29 S. W. Rep., 1101; Railway v. Bartlett, 81 Texas, 43; Railway v. McDonough, 1 White & W. C. C., sec. 553.

*F. H. Prendergast,* for defendant in error.—The prima facie case claimed to have been made by the plaintiff was fully rebutted by the evidence of the defendants. Biering v. Railway, 79 Texas, 587; 3 Willson, C. C., sec. 123.

The court did not err in the fifth paragraph of the charge in telling the jury to find for plaintiff if sparks escaped from the engine on account of negligence of defendant in respect to the appliances used to prevent the escape of sparks.

If there was some view of the case not presented in the fifth paragraph

of the charge, it was the duty of the plaintiff to have presented a special instruction presenting such view. Railway v. Pendery, 27 S. W. Rep., 213.

The court did not err in the fifth paragraph of the charge, in stating under what conditions plaintiffs could recover if the fire resulted from defective appliances; and plaintiff not having asked a special charge as to handling, can not complain of the court's failure to charge on that view of the case. Willis v. Lockett, 26 S. W. Rep., 419.

The evidence was ample to support the verdict. Railway v. Bartlett, 69 Texas, 83; Railway v. Witte, 68 Texas, 298; White & W. C. C., secs. 651, 652; Railway v. Timmermann, 61 Texas, 664; Railway v. Cullers, 81 Texas, 395. The last three citations are important to show the negligence must be proved, though, of course, same may be proved by circumstances.

If the fireman had turned the blow pipe on when it should not have been turned on, the company would not be liable for the consequent damage. Railway v. Yarbrough, 39 S. W. Rep., 1096; Railway v. Cooper, 88 Texas, 609. Upon what evidence, then, could the jury have found that the engineer negligently handled the engine?

Unless a charge was requested as to the presumption of negligence, none need be given. Biering v. Railway, 79 Texas, 587; Finkelstein v. Railway, 6 Am. and Eng. Ry. Cas. (N. S.), 200; Railway v. Edmonson, 10 Am. and Eng. Ry. Cas. (N. S.), 154. The charge contains no affirmative error, and appellant can not assign as error the failure of the court to submit an issue. Lary v. Young, 27 S. W. Rep., 908; Railway v. Robinson, 23 S. W. Rep., 433; Mills v. Haas, 27 S. W. Rep., 263.

It can be plainly seen in this case that no injury has resulted to the plaintiff by the failure or refusal of the court to submit to the jury the question whether the engine was carefully handled, because a new trial should have been granted if the jury had found that the engine was negligently handled. Railway v. Wallace, 74 Texas, 585.

WILLIAMS, Associate Justice.—Plaintiffs in error sued defendant in error to recover the value of buildings and other property destroyed by fire, alleging that the fire had been set by sparks which escaped from one of defendant's locomotives, through its negligence in failing to keep its engine properly equipped with appliances to prevent the escape of sparks, and in carelessly operating the engine.

The charge of the trial judge, in terms, required the jury to find that the fire was communicated to the property by sparks flying from the engine, and that this was "the result of negligence on the part of defendant in respect to the appliances used to prevent the escape of sparks," and thus excluded any right to recover because of negligence in the handling of the engine, the judge being of the opinion that there was no evidence tending to show negligence of that kind. The evidence offered by plaintiff, if believed by the jury, was sufficient to justify a conclusion that the

property was burned by sparks thrown out from the engine. Other evidence tended strongly to show that the fire was not caused by sparks. Had the jury concluded that the fire was set out by sparks, they could also have indulged a presumption of negligence on the part of defendant's servants, consisting either in a defective equipment or the negligent management of the engine. Railway v. Levine, 87 Texas, 437. In order to rebut such a presumption, defendant offered testimony tending to show that its engine and its spark arrester were of the proper kind and in proper condition, and that the engine was properly managed and operated. The jury might justifiably have found for defendant on both points; but was the court authorized to require them to find in its favor on one point and leave them free to find against it on the other? In the case above referred to, it is said: "It is the established law in this State that when fire is set out by sparks from an engine on a railroad, the law presumes negligence, and the plaintiff is entitled to recover for damages done by the fire so set out, unless the railroad company shall prove that its engine was provided with the best approved apparatus for arresting sparks and preventing their escape, and properly operated. In other words, the proof that the fire which destroyed plaintiff's property was set from an engine on defendant's railroad made a prima facie case upon which he was entitled to recover, in the absence of proof by the railroad company required to rebut the presumption. Consequently, the question as to negligence or not becomes a question of fact to be determined upon the evidence. The credibility of the witnesses and the weight to be given to their evidence are matters to be decided by the jury. It is apparent, therefore, that it can not be said that there is no evidence of negligence, when the evidence is such as to give a right of recovery if not rebutted." It is well settled that it is error for the trial judge to instruct a finding in favor of one party when there is evidence tending to establish, in favor of the other party, the fact against the existence of which the finding is directed.

Since the evidence for plaintiff tended to show negligence on the part of defendant's servants in allowing the escape of sparks sufficient to cause the fire, we think it was the province of the jury and not of the court to determine in what such negligence consisted.

It is urged that other uncontradicted evidence showed that the engine was prudently managed and narrowed the inquiry to the question, whether or not the sparks, about which plaintiff's witnesses testified, in fact escaped, and proved that, if they did, their escape was necessarily due to a defective condition of the spark arrester and not to the manner in which the engine was operated. The chief controversy in the trial does appear to have been over these issues, but we can not agree that any of the facts were so conclusively shown as to authorize the court to assume their existence. While the engineer testified to the proper management of the engine, both he and other witnesses testified, not quite so definitely, to the proper condition of the spark arrester. As to neither point were they contradicted, except, inferentially, by the evidence offered

by plaintiffs as to the escape of sparks and their apparent size. All of the witnesses who claimed to have seen the sparks escaping stated that they were as large as the end of the little finger, and all of the expert witnesses agree that if this were the fact the spark arrester could not have been in proper condition. But the jury might have found that the testimony of the witnesses as to the actual condition of the spark arrester was true, and yet that sparks escaped and caused the fire, and that this was due to the negligent management of the engine; or they might have found that sparks escaped and caused the fire through negligence, the exact character of which, whether in defective appliance or careless handling of the engine, they could not ascertain. The whole case should have been submitted.

There is nothing to affect this point in the conduct of counsel for plaintiffs, to which reference is made. The bill of exceptions shows that after the court had given its general charge, one of plaintiff's counsel orally requested that a charge be given upon the question as to the handling of the engine, and that the judge declined to submit that question, because, in his opinion, the evidence did not raise it. The general charge already given was such as to exclude a recovery upon that ground. Another of plaintiff's counsel expressed the opinion that the evidence did not raise the question, but the statements of the trial judge show that this had no effect upon his action. A request for a special instruction was not necessary to enable plaintiffs to question the correctness of the general charge. The requested charge, had it been allowed, would have conflicted with the instructions given.

*Reversed and remanded.*