WOMACK & STURGIS ET AL. V. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

No. 1655. - Decided April 3, 1907.

**Railway—Fire—Charge.**

    A special instruction given or requested is to be construed in connection
with the general charge; and where the latter directed a verdict for the plain-
tiff on finding that his property was burned by fire communicated from defend-
ant's engine unless the evidence showed that the engine was properly equipped
and in good order and carefully handled, and the special instruction directed
a verdict for defendant if it was properly equipped and carefully handled,
the omission of the requirement that it must be in good repair should not
be regarded as likely to mislead the jury.  (P. 455.)

    Question certified from the Court of Civil Appeals for the Third
District, on error from Williamson County.

    *Finley, Knight & Harris,* for plaintiffs in error.—The special charge
erred in excluding any right to recover because of the negligence of
the defendant in failing to keep the spark-arresting apparatus in good
repair.  Scott v. Texas & Pac. Ry., 93 Texas, 628; Campbell, Receiver,
v. Goodwin, 87 Texas, 275; Martin v. Texas & Pac. Ry., 87 Texas, 120;
Galveston, H. & S. A. Ry. v. Horne, 69 Texas, 643; Dillingham v.
Whitaker, 25 S. W. Rep., 724; Gulf, C. & S. F. Ry. v. Benson, 69
Texas, 409; Missouri, K. & T. Ry. v. Jordan, 82 S. W. Rep., 792;
Texas & Pac. Ry. v. Gaines, 26 S. W. Rep., 874; Galveston, H. & H.
Ry. v. Burnett, 37 S. W. Rep., 780; Seffel v. Western U. Tel. Co., 65
S. W. Rep., 899; St. Louis S. W. Ry. v. Gentry, 74 S. W. Rep., 607;
Gulf, C. & S. F. Ry. v. Hill, 69 S. W. Rep., 139.

    The jury are not required to reconcile conflicting charges.  Baker
v. Ashe, 80 Texas, 361; Edwards v. Dickson, 66 Texas, 615; Snyder v.
Morris, 38 S. W. Rep., 219; Gonzales v. Adoue, 94 Texas, 125; Missouri,
K. & T. Ry. v. Mills, 65 S. W. Rep., 75; Liverpool & L. & A. Ins. Co.
v. Joy, 62 S. W. Rep., 546: International & G. N. Ry. v. Lehman, 66
S. W. Rep., 215; Burnett v. Lamback, 39 S. W. Rep., 1015; Inter-
national & G. N. Ry. v. Welch, 86 Texas, 203.

    *S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for defendant in
error.

    BROWN, ASSOCIATE JUSTICE.—This is a certified question from the
Court of Civil Appeals for the Third Supreme Judicial District.  The
statement and questions are as follows:
    "In the above cause pending before this court there is an issue of
law which is shown by the following statement and question, as to the
proper decision of which there is doubt in the minds of the members
of this court, on account of which the following statement and questions
are respectfully certified to said Supreme Court:
    "This is a suit brought by the plaintiffs in error in the court below
against the defendant in error for damages for the alleged burning of
a certain building and a quantity of hay situated therein by sparks
emitted from an engine owned and operated by defendant in error.  Plain-

tiffs in error claim damages for the destruction of the building in the sum of $750 and for that of the hay in the sum of $1,640. Upon a trial before a jury there was a verdict and judgment in favor of the defendant, and the plaintiffs in the court below have brought the case to this court by writ of error.

"Plaintiffs in error allege in their petition, among other grounds of negligence on the part of defendant, the ground that the emission of sparks from said engine was the result of defective and insufficient spark-arresting apparatus. The answer of defendant, insofar as pertinent to the question certified, was a general denial. There was testimony tending to prove the burning and destruction of said property by the emission of sparks from defendant's engine; and there was also testimony tending to prove the ground of negligence stated above. And there was testimony adduced by the defendant tending to show that its employe, whose duty it was to inspect its engines and the spark-arresting apparatus or appliances annexed thereto, on the 21st September, 1901, inspected the engine, which it is claimed emitted sparks and thereby set fire to and caused the destruction of plaintiff's property, and that at that time the spark-arresters and appliances about the engines were in good condition, and that the spark-arresting apparatus used upon said engine was of the best, most approved and tried appliances, and that he inspected the engine on the day after the fire, and at that time no repairs or changes had been made, and that it was in good condition. The fire which destroyed plaintiff in error's property occurred on the morning of the 23d September, 1901. And there was testimony sufficient to support a finding in favor of either party on said issue.

"At the request of the defendant, the court below gave to the jury the following special charge: 'If from the evidence you believe that at and immediately prior to the fire in the hay barn, the switch engine which it is claimed set fire to said barn, was equipped with spark-arresting apparatus of the best and most approved kind, and such as is generally used by well regulated railroads, and further believe from the evidence that the engine was properly and carefully handled by the men in charge thereof, then you will return a verdict for the defendant, even if you should further believe from the evidence that the fire was started by a spark of fire emitted from or thrown by the engine.'

"And in its general charge, the court instructed the jury as follows:

" 'II. If you believe from a preponderance of the evidence that the fire which destroyed the property described in plaintiffs' petition, was directly and proximately caused and occasioned by sparks emitted from one of defendant's switch engines, as alleged in plaintiffs' petition, you will return a verdict for plaintiffs, unless you further believe from the evidence that defendant exercised ordinary care on said occasion, to have said engine provided with one of the best and most approved kind of appliances in use by railway companies for preventing the escape of fire from railway engines; that defendant exercised ordinary care to see that said appliances, if there were such, were in reasonably good repair and condition on said occasion to prevent the escape of fire from said engine, and that said engine was on said occasion handled with ordinary care and skill to prevent the escape of fire, or unless

you find in defendant's favor on the issue of contributory negligence, hereinafter submitted to you.'

"Plaintiffs in error have assigned error upon the action of the court below in giving to the jury said requested special charge, upon the ground that it withdrew from the consideration of the jury the question of the defective condition of the spark-arresting apparatus on defendant in error's engine, and that it was in conflict with the paragraph of the court's general charge above quoted.

"1st Question. Was said special instruction erroneous?

"2d Question. If said special instruction was erroneous, did the instruction embraced in the general charge of the court quoted above cure the error?

"As bearing on the above question we call the attention of the Supreme Court to the case of Scott v. Texas & Pacific Railway Company, 93 Texas, 625."

In conformity with the decision of this court in Scott v. Texas & Pacific Railway Company, 93 Texas, 625, the trial court submitted the plaintiffs' case in its main charge, in substance, stating to the jury that if the fire which destroyed plaintiffs' property was proximately caused by sparks from the defendant's engine, they should find for the plaintiffs, unless the evidence showed that the railway company had exercised ordinary care and diligence in the particulars specified in that charge. The defendant by the special charge sought to have its view of the case submitted and practically presented the same propositions as those contained in the general charge, except that in the special charge it is not definitely stated that to defeat plaintiffs' case the evidence must show that the defendant had exercised ordinary care to keep its engine and spark-arrester in reasonably safe condition. The special charge when given became a part of the charge of the court to the jury and in construing the special charge we must look to the main charge upon the same points just as if both paragraphs had been embraced in the court's original charge. There is no conflict between the two paragraphs. In considering the two charges together the jury would not understand that the court intended to tell them in one paragraph that the railway company would be liable if the evidence did not show that it had used ordinary care to keep its spark-arrester in reasonably safe condition, and that in another paragraph the court intended to tell them that the plaintiffs could not recover although the evidence did not show that the railway company used ordinary care to keep its spark-arrester in safe condition. To reach such a conclusion would require more ingenuity than the juror brings to the impartial discharge of his duties. The giving of the special charge did not have the effect to withdraw from the jury any part of the main charge, and the whole charge being before them, they would not disregard an affirmative requirement because it was omitted from the negative phase of the instruction, but would naturally construe both charges to mean the same thing.