Womack & Sturgis et al. v. International & Great Northern Railroad Company.

Decided May 1, 1907.

**Railway—Fire—Burden of Proof—Charge.**

The jury having been properly instructed as to what proof would establish a prima facie case of negligence against a railway company setting out fire by sparks from its engines, it was not error to plaintiff's prejudice to charge that the burden of proving negligence by a preponderance of the evidence was upon him.

Error from the District Court of Williamson County. Tried below before Hon. V. L. Brooks.

*Finley, Knight & Harris,* for plaintiffs in error.—Where the plaintiff shows that the fire was caused by a spark or fire emitted from defendant's engine, the burden of proof is upon the defendant to show that its engine was equipped with the best approved spark-arresting apparatus in general use, that such apparatus was in good repair, or that it had exercised ordinary care to keep it in good repair, and the engine properly handled; and the court erred in the charge upon the burden of proof in placing the burden upon the plaintiff upon all these issues. Tyler S. E. Ry. v. Hitchins, 63 S. W. Rep., 1069; Texas So. Ry. v. Hart, 73 S. W. Rep., 833; St. Louis, S. W. Ry. v. Goodnight, 74 S. W. Rep., 583; Galveston, H. & S. A. Ry. v. Horne, 69 Texas, 643; Houston & T. C. Ry. v. McDonough, 1 Texas App. Civ. Cases, 354; Texas Midland v. Moore, 74 S. W. Rep., 942.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for defendant in error.

EIDSON, Associate Justice.—This is an action brought in the court below by the plaintiffs in error against the defendant in error for damages for the alleged burning of a certain building and the

contents thereof by sparks emitted from a locomotive engine, owned and operated by plaintiff in error.

The trial before a jury resulted in a verdict and judgment in favor of the defendant and the plaintiffs have brought the case to this Court by writ of error.

The question - raised by plaintiffs in error's first assignment of error was certified by this Court to the Supreme Court for decision, and that court answered the question against plaintiffs in error's contention (Womack & Sturgis et al. v. International & G. N. R. R. Co., 100 Texas, 453.)

Plaintiffs in error's second assignment complains of the following paragraph of the main charge of the court below: "The burden of proof is upon the plaintiffs in this case to establish facts entitling them to recover under this charge by a preponderance of the evidence, and unless you believe that they have done so, you will return a verdict for the defendant." Their contention is that the plaintiffs in this case made a prima facie case entitling them to recover when they proved that the fire was caused by a spark emitted from defendant's engine, and that in order to rebut such prima facie case it devolved on defendant to prove that its engine was equipped with the best approved spark arresting apparatus in general use, that such apparatus was in good repair, or that it had exercised ordinary care to keep it in good repair and the engine properly handled, whereas the above instruction had the effect to place the burden upon the plaintiffs upon all the above issues. We do not think the paragraph of the main charge of the court complained of, when construed in connection with other paragraphs thereof, which, in effect, instructed the jury what facts were necessary to be proven by the plaintiffs in error to make a prima facie case in their favor, and what facts were necessary to be proven by the defendant in order to rebut such prima facie case, subject to any of the criticisms urged against it by plaintiffs in error (St. Louis S. W. Ry. Co. v. Moss, 37 Texas Civ. App., 461; Gulf, C. & S. F. Ry. Co. v. Johnson, 67 S. W. Rep., 182).

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.