GULF, C. & S. F. RY. CO. v. CURRY.

(Court of Civil Appeals of Texas.    Feb. 18, 1911.    Rehearing Denied March 16, 1911.)

RAILROADS (§ 484*)—FIRES—CAUSE—QUESTION FOR JURY.

In an action against a railroad company for burning plaintiff's property, evidence *held* to require submission to the jury of the question whether the fire was set out by one of defendant's engines.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

Appeal from Washington County Court; W. R. Ewing, Judge.

Action by Mrs. Hetty Curry, as administratrix, against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills,. A. H. Culwell, and Rodman S. Cosby, for appellant. Buchanan & Stone, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for the destruction of property by fire alleged to have been caused by the negligence of the appellant. The property destroyed consisted of houses, hay stored therein, and grass growing upon the meadow or pasture lands belonging to the estate of which appellee is administratrix, adjoining the right of way of defendant railway company. The main issue in the case was whether the fire was set out by an engine on the defendant company's road.

Upon this issue two witnesses testified for plaintiff that the fire sprang up along the track and right of way of defendant railway just after a train on said railway had passed, and that from this origin it spread to the adjoining premises, and consumed the property described in the petition. Other witnesses testified for plaintiff that from the appearance of the ground after the fire, which was described by the witness, it was evident that the fire began on or near the railway track and burned from there over the premises upon which the property destroyed was situated. On the other hand, witnesses for appellant testified that the fire originated on said premises some distance from the railroad right of way, and was in progress some time before the train spoken of by appellee's witnesses passed the place of the fire. Other witnesses for appellant testified that all of the trains on appellant's road which passed on the day of the fire were equipped with oil burning engines that were in good condition, and that it was impossible for fire to escape from such engines.

This testimony raised a conflict which it was the peculiar province of the jury to determine, and, there being sufficient evidence to sustain the verdict, this court is not authorized to disturb it. If the plaintiff's witnesses are to be believed, and the jury have said that they are, no other reasonable conclusion can be reached than that the fire was set out by an engine on appellant's road. If this is true, then the testimony of appellant's witnesses that the engines which were operated on the road were oil burners and that

---

it is impossible for fire to be set out by such engines cannot be true, and the engine that set out this fire was either not an oil burner, or fire can escape from an oil burning engine. It cannot therefore be said that the testimony of appellant's witnesses as to the character of the engine and the impossibility of fire escaping therefrom is uncontradicted. While not contradicted by direct evidence, it is contradicted by the circumstances testified to by appellee's witnesses, and these circumstances, if believed by the jury, authorized a verdict in favor of appellee. Railway Co. v. Baugh, 43 S. W. 558; Railway Co. v. Ellis (recently decided by this court) 134 S. W. 246.

The testimony as to the value of the property destroyed, as is generally the case on the issue of value, was largely the opinion of the witnesses. There is no assignment complaining of the admission of this testimony on the ground that the witnesses did not show themselves qualified to give their opinion as to the value of the property; and the only question presented is whether the evidence upon this issue is sufficient to sustain the verdict. Several witnesses who knew the size and general condition of the houses destroyed and had an opportunity to observe and estimate the quantity and value of the hay and grass destroyed by the fire placed the value of all of the property at a larger sum than that found by the jury. Upon this state of the evidence, we cannot say that the verdict of the jury for the sum of $550 is without sufficient evidence to support it.

This disposes of all of the questions presented by the assignments of error.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.