MOOSE v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 87–2892.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. RAILROADS ⊂⇒480(2)—FIRE FROM LOCOMOTIVE—PRESUMPTIONS.

Where plaintiff has met the burden of proving that fire originated from an engine, the law presumes negligence, and he is entitled to recover unless railroad company proves that engine was provided with the best approved apparatus for arresting sparks, and was properly operated.

2. RAILROADS ⊂⇒482(2) — FIRES — ORIGIN — EVIDENCE.

Although it is necessary to trace fire to railroad, it is not necessary that evidence should exclude all possibility of another origin, but it is sufficient if all the facts and circumstances fairly warrant a conclusion that the fire did not originate from some other cause.

3. RAILROADS ⊂⇒484(3) — FIRES — ORIGIN — JURY QUESTION.

In action against railroad for fire from locomotive involving issue of whether fire originated from locomotive spark, evidence held to require submission of case to jury.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by J. W. Moose against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant was affirmed by

Court of Civil Appeals (179 S. W. 75), and plaintiff brings error. Judgments of district court and Court of Civil Appeals reversed, and cause remanded for new trial.

See, also, 180 S. W. 225.

L. E. Blankenbecker, of New York City, and Ewing Werlein, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood, of Houston (W. A. Parish, of Houston, of counsel), for defendant in error.

McCLENDON, J.　J. W. Moose brought this suit against the Missouri, Kansas & Texas Railway Company of Texas to recover the value of a house in Houston Heights which was destroyed by fire on the morning of June 2, 1913; plaintiff alleging that the fire was caused by the negligent emission of sparks from one of defendant's engines. The trial court rendered judgment for the defendant upon a verdict returned under peremptory instruction. The Court of Civil Appeals affirmed this judgment, upon the ground that the evidence was not sufficient to warrant a finding that the fire was caused in the manner alleged. 179 S. W. 75.

The sufficiency of the evidence as a matter of law to require submission of the case to a jury is the only question presented in this court. The evidence in some respects, notably in matters relating to time and distance, is somewhat conflicting. Viewing the evidence, however, most strongly for the plaintiff, we think the following facts are fairly deducible therefrom: The house in question was a one-story frame dwelling, some 13 feet in height from the eaves to the ground, with a rather steep roof. It was ceiled with ship-lap, and there was no means of ingress into the attic. It was about 14 feet wide and 50 feet long; the lengthwise frontage being towards the railroad. The distance from the track to the house is variously estimated at from 10 to 40 feet. Plaintiff estimates this distance at from 15 to 20 feet. The house was distant from Houston about a 15 or 20 minute run by rail. The defendant's track crossed a switch track of the Houston & Texas Central a short distance from this house in the direction of Houston. This distance is estimated by the several witnesses at from 150 to something about 400 feet. It was customary for trains to either slacken their speed or stop at or near this house in going in the direction of Houston, before crossing the Houston & Texas Central track. The fire occurred some time about daylight on Monday morning, June 2, 1912. A train of defendant going to Houston passed the house shortly before the fire was first discovered. The only witness who heard the train pass testified that it was about an hour before the fire. The weather was dry. Whether the wind was blowing is not shown. One witness testified that he had seen the train operatives shoveling coal into the engines that passed on this road; from which we think it can be inferred that the defendant used coal as a fuel in its engines, there being no other testimony upon this issue. The witness who heard the train in question pass testified that it made a great deal of noise, as though it were working hard. The evidence shows that trains when starting or quickening their speed after slowing up or stopping at this place would work hard and throw out sparks and smoke. One of defendant's engineers, who was called by plaintiff, testified that he passed over the road with a train of 25 cars, going toward Houston, arriving there about daylight, according to his recollection. He testified that he did not notice any house on fire when he passed, but would have noticed it had there been one at that time. The house in question was occupied at the time by a tenant named Westbrook, who testified that there had been no fire in the house for two weeks prior to the burning; that at that time his wife was away from home; that he had gone to the place the Saturday night previous, and had lit a lamp just long enough to go to bed; that he left the place about 4 o'clock on Sunday afternoon, at which time the house was securely fastened and locked, with no fire in it or lamp burning; and that he himself never smoked. There were no fires of any kind in the vicinity of the house, and no direct evidence as to its cause. When the fire was first discovered, about daylight on Monday morning, a small portion of the roof on the side next to the railroad was in flames.

The defendant offered no testimony. The engineer referred to testified that he did not know the condition of the spark arrester, but that the engine worked well.

The general principles of law governing cases of this character are well settled in this state.

[1] The burden of proof is upon the plaintiff to establish the fact that the fire originated from one of defendant's engines. When this burden is met, "the law presumes negligence, and the plaintiff is entitled to recover for damages done by the fire so set out, unless the railroad company shall prove that its engine was provided with the best approved apparatus for arresting sparks and preventing their escape, and properly operated." Railway v. Levine, 87 Tex. 437, 29 S. W. 466; Scott v. Railway, 93 Tex. 625, 57 S. W. 801; Railway v. Johnson, 92 Tex. 591, 50 S. W. 563.

[2] The character of proof required of plaintiff in this regard is thus stated in Ruling Case Law, vol. 11, pp. 994, 995:

"In actions against railroad companies for injuries to property by communicated fires, while it is necessary to trace the liability for the fire to the defendant, and proof of a mere

possibility that the fire communicated in the operation of the road is not sufficient, yet it is not required that the evidence should exclude all possibility of another origin or that it be undisputed. It is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause, and the origin of the fire has generally been held sufficiently established by inferences drawn from circumstantial evidence. Thus it has frequently been held that from proof that an engine passed near inflammable material immediately before the discovery of fire, there being no evidence to explain its origin, the jury may infer that the fire originated from sparks from the passing engine. If it is sought to recover damages for fire alleged to have been caused by the negligent escape of sparks from a locomotive, and the evidence as to the origin of the fire is circumstantial, the fact that the weather had been dry for several days prior to the fire is admissible in connection with other circumstances tending to show that the fire was caused by sparks emitted from such locomotive."

"We bear in mind in passing upon the sufficiency of these facts offered that every case must and will depend more or less upon the collection of circumstances disclosed by the evidence of the given case." Railway v. Blakeney, 48 Tex. Civ. App. 443, 106 S. W. 1140.

"From the nature and circumstances of such cases, considerable latitude must be allowed in the introduction of testimony and in the drawing of inferences as to the origin of the fire." Railway v. De Busk, 12 Colo. 294, 20 Pac. 752, 3 L. R. A. 350, 13 Am. St. Rep. 221, citing 1 Thompson on Negligence, 159; Railway v. Jones, 9 Colo. 379, 12 Pac. 516; Butcher v. Railway, 67 Cal. 518, 8 Pac. 174.

These general principles are well recognized, we believe, by adjudications in this state. Lumber Co. v. Railway, 106 Tex. 13, 155 S. W. 175; Railway v. Curry, 135 S. W. 592; Railway v. Blakeney, supra.

[3] The testimony offered by plaintiff, as above outlined, we think sufficient to support the inference that the fire was probably caused by sparks from one of defendant's engines, and that any other apparent or probable cause was fairly negatived. This inference we believe fairly deducible from the following circumstances: That an engine and train of defendant passed the house in a reasonably short time before the fire, and was heard to make considerable noise, as if the engine were working hard; that under such circumstances it was usual for engines to emit sparks at that place; that the weather was dry; that the house was only a few feet from the track; that the fire started in the roof on the side next to the track; that the house was left the previous afternoon securely locked; that there had been no fire on the premises for two weeks; and that there were no fires in the vicinity which would likely have caused the fire, and no circumstances in evidence tending to explain its origin upon any other hypothesis.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.