RALEIGH HOSIERY COMPANY v. RALEIGH AND GASTON RAIL-
ROAD COMPANY.

(Filed November 11, 1902.)

**1. NEGLIGENCE**— *Railroads—Presumptions— Burden of Proof — Fires.*

Where property is destroyed by sparks from a railroad engine, the burden of proof is shifted to the railroad company to rebut the presumption of negligence.

**2. NEGLIGENCE**—*Railroads—Fires—Fuel.*

In an action for damages caused by fire set by an engine, it is not error to refuse to instruct, that if the use of anthracite coal would lessen the danger of fire, failure to use it is negligence.

ACTION by the Raleigh Hosiery Company against the Raleigh and Gaston and Seaboard Air Line Railroad Companies, heard by Judge *O. H. Allen* and a jury, at April Term, 1902, of the Superior Court of WAKE County. From a judgment for the defendants, the plaintiff appealed.

*Battle & Mordecai, Womack & Hayes, Busbee & Busbee,* and *Shepherd & Shepherd,* for the plaintiff.

*Day & Bell,* and *F. H. Busbee,* for the defendant.

DOUGLAS, J. This was an action originally brought by the hosiery company to recover damages for losses by fire, alleged to have occurred through the negligence of the defend-

ants. Upon their own motion, the insurance companies were made parties-plaintiff for the purpose of participating in the recovery to the extent to which they may have paid the losses. The determination of this appeal practically depends upon a single point: whether the presumption of negligence arises from the fact, found or admitted, that the defendant's engine set fire to the property. This point is directly decided in *Manufacturing Co. v. Railroad,* 122 N. C., 881, frequently called the Ice Company case, where Furches, J., speaking for a unanimous Court, says, on page 888: "When the origin of the fire is fixed on the defendant, the presumption then arises that it was guilty of negligence, and the burden rests upon it to show that it used approved appliances in the operation of its road to prevent the emission of sparks and cinders, or that the damage was caused by some extraordinary cause over which the defendant had no control." Citing 2 Shearman and Red. Neg., Sec. 676; *Lawton v. Giles,* 90 N. C., 374; *Ellis v. Railroad,* 24 N. C., 138; *Aycock v. Railroad,* 89 N. C., 321. To these authorities may be added *Moore v. Parker,* 91 N. C., 275; *Haynes v. Gas Co.,* 114 N. C., 203; 26 L. R. A., 810; 41 Am. St. Rep., 786; Wood's Ry. Law, 1580; 2 Thomp. Neg., Secs. 2284, 2285; 13 A. and E. Enc. (2d Ed.), 498.

Ellis's case, cited by the Court in *Manufacturing Co. v. Railroad, supra,* is the leading case, in which Gaston, J., for the Court, lays down the rule of presumed negligence as follows: "We admit that the gravamen of the plaintiff is damage caused by the negligence of the defendant. But we hold that when he shows damage resulting from their act, which act, with the exertion of proper care, does not ordinarily produce damage, he makes out a *prima facie* case of negligence, which can not be repelled but by proof of care, or of some extraordinary accident which renders care useless."

In Lawson's Law of Pres. Ev., the rule is thus stated:

"Rule 19b.—But when the thing is under the management of the defendant, and the accident is such as ordinarily does not happen if those who have its management use proper care, a presumption of negligence arises from the happening of the accident." In subsection 2, the author says: "A's property is destroyed by sparks from the locomotive of a railroad company. The presumption is that the sparks were negligently emitted." Numerous cases are cited.

The rule in Ellis's case is further strengthened by the practically universal acceptance of the principle that where a particular fact, necessary to be proved, rests peculiarly within the knowledge of a party, upon him rests the burden of proof. *Railroad v. U. S.,* 139 U. S., 560, 567; *Mitchell v. Railroad,* 124 N. C., 236; 44 L. R. A., 515; *Hinkle v. Railroad,* 126 N. C., 932, 938; 78 Am. St. Rep., 685, and cases therein cited. The condition of the engine was peculiarly, and in fact exclusively, within the knowledge of the defendant.

The Court below charged the jury as follows: "If the jury should find from the evidence that the fire originated from the defendant's engine, this would not of itself cast the burden on the defendants to prove that the engine was properly equipped with spark arresters, and skillfully operated." In this there was substantial error, for which a new trial must be ordered.

There is one other exception which we will briefly notice. The plaintiffs requested the Court to charge as follows: "That if the jury shall find that the use of hard or anthracite coal in an engine lessens the danger of throwing sparks or fire from the smoke-stack, it is negligence not to use such coal." This instruction his Honor properly refused. The Courts have no powers of legislation. They can not say that railroads shall use certain fuel or appliances. The most that Courts can say is, that if a railroad or any one else fails to use such reasonable care in the selection and use of its fuel and machin-

ery as a man of ordinary prudence, dealing with his own affairs and having a due regard for the rights and safety of his fellow men, would use, then such failure becomes actionable negligence. This is but an exemplification of the ancient maxim, *"sic utere tuo ut alienum non laedas."* We are not prepared to say as a matter of law that a man of ordinary prudence would, under present conditions, adopt the use of anthracite coal if he could conveniently burn any other kind of fuel.

New Trial.