MONTE NE RAILWAY COMPANY v. PHILLIPS.

Opinion delivered October 15, 1906.

1. RAILROAD—FIRE—ABSTRACT INSTRUCTION.—Where, in an action against a railroad company for loss by fire communicated from a locomotive, the evidence shows that the fire originated either from a stove in plaintiff's house or from defendant's engine, it was not error to refuse to instruct the jury that if the evidence failed to establish the origin of the fire they should find for the defendant. (Page 294.)

2. SAME—USE OF WOOD AS FUEL.—Where the only issue presented was whether or not a certain fire was caused by the negligent operation of defendant's engine, it was not error to refuse to instruct the jury that there was no law requiring a railroad company to use coal as fuel, and that the use of wood as a fuel would not constitute negligence; as, if the fire was caused from sparks negligently escaping from the engine, it was immaterial whether the sparks were from wood or coal fuel. (Page 294.)

Appeal from Benton Circuit Court; *John N. Tillman,* Judge; affirmed.

## STATEMENT BY THE COURT.

The complaint alleges the negligent burning of a frame residence. It is alleged that the fire was caused by sparks communicated from an engine which was being negligently operated by appellant. The answer denied that the fire was set by appellant's engine, and denied that the engine was negligently operated.

*B. R. Davidson,* for appellant.

1. There is not any proof that the fire was communicated by the appellant's engine to the house. The verdict is contrary to the evidence. Plaintiff is bound in the first instance to show at least a *prima facie* case, and, if he leaves it imperfect, the court will not assist him. 1 Best on Ev. § 267. A theory can not be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature and so related to each other that it is the only conclusion that can fairly or reasonably be drawn from them. 74 Ia. 250. See, also, 16 S. W. 275; 45 N. W. 1096; 1 Sutherland on Dam. § 30; 179 U. S. 658.

2. The court erred in refusing the third instruction asked by the defendant. It was not negligence in the railway company to use wood for fuel in an engine equipped with appliances for burning wood. 29 Am & Eng. R. Cas. 132 *et seq.;* 38 *Ib.* 346-8, and note; 53 Ark. 117.

3. It was error to permit plaintiff's counsel in concluding argument to argue that it was negligence to use wood for fuel.

*McGill & Lindsey,* for appellant.

1. It was shown that the fire could have been started by the engine, and it was demonstrated that it could not have caught from the stove. The jury would have been justified in finding that the fire originated from the engine, even if there had been no testimony that it was throwing out an unusual amount of sparks or setting out other fires. 88 S. W. 595; 59 Ark. 317; Barrows on Neg. 356; 90 S. W. 585.

2    Whether, under the circumstances, in using wood for fuel, the company was exercising due care to prevent injury to property was a question of fact for the jury. The third instruction asked by appellant was properly refused.

If a party desires a specific instruction on any point, it is his duty to prepare and offer a correct instruction. 11 Enc. of Pl. & Pr. 217; 45 Ark. 539; 47 Ark. 196; 56 Ark. 594; 60 Ark. 613; 62 Ark. 555. See, also, 13 Am. & Eng. Enc. Law (2 Ed.), 479.

Wood, J., (after stating the facts.) We need not discuss in detail the evidence bearing upon the disputed questions of fact. The evidence presented conflicting theories as to the origin of the fire. But these were submitted to the jury upon the following instruction asked by appellant:

"1. I charge you that the burden of establishing by proof that the fire was set by the engine of the defendant railroad company is on the plaintiffs. If the proof fails to show this proposition, or if it preponderates against it, or is equally balanced, you should find in favor of the defendant."

In *St. Louis, I. M. & So. Ry. Co.* v. *Dawson,* 77 Ark. 434, we said: "It is not required that the evidence should exclude all possibility of another origin, or that it be undisputed. It is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause." It was not error therefore to refuse the following: "4. If the evidence fails to establish the origin of the fire, you will find for the defendant." This is abstract. The evidence shows the fire originated from a stove in the house or from appellant's engine. The verdict finds that the fire was caused by the engine of appellant, and the evidence is sufficient here to warrant the verdict.

Appellant contends that the court should have granted the following request: "3. I charge you that there is no law requiring a railroad company to use coal as a fuel, and the use of wood as a fuel would not constitute negligence." The request was a correct proposition of law, but it was abstract here. The only issue presented was whether or not the fire was caused by the negligent operation of appellant's engine. If the fire was caused by the negligent operation of appellant's engine, as the

jury finds, it was wholly immaterial whether appellant used wood or coal as fuel. The court should not have permitted counsel to argue that it was negligence for the appellant to use wood, instead of coal, but the argument was not prejudicial, because, under the instructions, the jury had to base its verdict upon the negligence of appellant in the use of insufficient appliances for arresting sparks, and not on its negligence in the kind of fuel used. If the fire was caused by sparks from the engine, as the jury must have found, it was immaterial whether the sparks were from wood or coal fuel. The verdict and judgment are in accord with principles announced by this court in recent cases. See *St. Louis, I. M. & S. Ry. Co.* v. *Dawson, supra; St. Louis, I. M. & S. Ry. Co.* v. *Coombs,* 76 Ark. 132; *St. Louis, I. M. & S. Ry. Co.* v. *Ayres,* 67 Ark. 371.

Affirm .