MISSOURI, K. & T. RY. CO. OF TEXAS v. W. A. MORGAN & BROS. et al.†

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1912. Rehearing Denied April 17, 1912.)

1. RAILROADS (§ 482*)—OPERATION—FIRES— ACTIONS—EVIDENCE.

Proof that cotton lying on a depot platform was ignited by sparks from an engine operated by a railway company makes out a prima facie case of negligence, entitling the owner of the cotton to recover from the company, unless rebutted by evidence as to condition of the engine and the care in its management.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1736; Dec. Dig. § 482.*]

---

**2. RAILROADS (§ 480*)—OPERATION—ACTIONS —FIRES—BURDEN OF PROOF.**

In an action against a railway company for negligently setting fire to property, where the petition alleged that the company was charged with the duty of providing for use in its engines of fuel oil, which is used by all the best equipped railway systems in Texas, if it was negligence to use coal instead of oil, the burden was on plaintiff to show that fact.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1709–1716; Dec. Dig. § 480.*]

**3. RAILROADS (§ 485*)—OPERATION—FIRES— ACTIONS—INSTRUCTIONS.**

In an action against a railway company for negligently setting fire to property, a charge that the fact that sparks from the company's engine set fire to the property made out a prima facie case, which could only be rebutted by proof that the company used ordinary care in selecting a fuel generally used by railway companies, and requiring such ordinary care to be proved by a preponderance of the evidence, placed the burden of disproving negligence as to the fuel used on the company, and was erroneous.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1747–1756; Dec. Dig. § 485.*]

**4. RAILROADS (§ 482*)—OPERATION—FIRES— ACTIONS—BURDEN OF PROOF.**

Although the emission of sparks from a railway engine setting fire to property makes out a prima facie case of negligence requiring proof of rebuttal to prevent a recovery, it is error to require the company to overcome this prima facie case by a preponderance of the evidence; it being entitled to a verdict if the evidence is equally balanced.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1736; Dec. Dig. § 482.*]

**5. RAILROADS (§ 455*) — OPERATION—FIRES— LIABILITY—SELECTION OF FUEL.**

A railway company is not bound to use in its engines the best approved fuel generally used by railway companies in order to avoid the emission of sparks; it being sufficient if it exercises ordinary care in the selection of fuel.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1672; Dec. Dig. § 455.*]

**6. RAILROADS (§ 460*)—OPERATION—FIRES— CONTRIBUTORY NEGLIGENCE.**

The owner of property destroyed by fire set by sparks from a railway engine cannot recover from the railway company if he places the property near the track without exercising ordinary care; the rule that a person may be liable for negligence notwithstanding contributory negligence of the other party if after the discovery of the danger he does not use adequate means to prevent injury not applying to cases of injuries to property.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1681; Dec. Dig. § 460.*]

**7. RAILROADS (§ 464*)—OPERATION—FIRES— EXCESSIVE SPEED.**

Where, at the time a railway engine emitted sparks setting fire to property, it was being run at a rate of speed in excess of that permitted by a city ordinance, this would not of itself make the railway company liable, unless such excessive speed was the proximate cause of the emission of sparks.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1687–1689; Dec. Dig. § 464.*]

**8. TRIAL (§ 237*)—INSTRUCTIONS—DEGREE OF PROOF REQUIRED.**

A charge that plaintiffs must establish their right to recover by a preponderance of the evidence, but need not prove it beyond a rea-sonable doubt, is improper in a civil case; the reference to reasonable doubt having a tendency to mislead the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 542, 548–551; Dec. Dig. § 237.*]

**9. RAILROADS (§ 481*)—OPERATION—FIRES— ACTIONS—EVIDENCE.**

In an action against a railway company for negligently setting fire to cotton on a depot platform, bills of lading issued by the company are not admissible in evidence, although the company in the bills reserved the right to have the cotton compressed, where they did not exercise that right, and it was not claimed that the cotton was held by the compress company and placed on the platform by direction of the company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

Appeal from District Court, Fayette County; B. G. Neighbors, Special Judge.

Action by W. A. Morgan & Bros. and others against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Alex S. Coke and A. H. McKnight, both of Dallas, Lane, Wolters & Storey, and Wm. A. Vinson, all of Houston, for appellant. Brown & Lane, of La Grange, Jas. H. Robertson, and N. A. Rector, both of Austin, Wm. Thompson, and Geo. S. Wright, both of Dallas, for appellees.

FLY, J. This is a suit which was instituted in 1906 by W. A. Morgan & Bros., the Hartford Fire Insurance Company, the Austin Fire Insurance Company, and the Insurance Company of North America to recover damages from appellant for negligently igniting and destroying 598 bales of cotton through sparks from a locomotive. The cotton was alleged to be the property of Morgan & Bros., but it was alleged that since the destruction of the cotton an interest therein had been assigned to the different insurance companies, amounting in the aggregate to $15,861.80. The cause was tried by jury, and resulted in a verdict and judgment in favor of appellees in the sum of $42,761.05, which was apportioned by the jury among the different appellees.

[1] If appellees proved that the cotton lying on the platform was ignited by sparks from an engine operated by appellant, they made a prima facie case of negligence, and they should recover unless the prima facie case was rebutted by proof that appellant had used ordinary care to have the engine equipped with the best approved spark arrester in general use, that it was in good condition, and the engine was properly and skillfully handled at the time the sparks were emitted. When such proof has been made by a railroad company, the prima facie case is destroyed, and other acts of negligence must be proved by the plaintiff in order to recover. The rule is thus stated in Shearman & Redfield on Negligence, § 676: "The decided

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

weight of authority and of reason is in favor of holding that, the origin of the fire being fixed upon the railroad company, it is presumptively charged with negligence, and must assume the burden of proving that it had used all those precautions for confining sparks or cinders," such as the use of best known spark arresters, which were in good condition at the time, and that the engine was carefully operated. The foregoing is the rule in Texas. The reason for the rule, which places the burden upon a railroad company to rebut the presumption of negligence by proof of the condition of the engine and its proper operation, is that it has the means of producing the necessary evidence on the subject, and to require a plaintiff to prove the condition of the engine and the appliances used to prevent the escape of sparks would be practically a denial of justice. Railway v. Timmermann, 61 Tex. 660; Ryan v. Railway, 65 Tex. 13, 57 Am. Rep. 589; Railway v. Horne, 69 Tex. 643, 9 S. W. 440; Railway v. Bartlett, 69 Tex. 79, 6 S. W. 549; Railway v. Benson, 69 Tex. 407, 5 S. W. 822, 5 Am. St. Rep. 74; Receiver v. Goodwin, 87 Tex. 273, 28 S. W. 273; Railway v. Levine, 87 Tex. 437, 29 S. W. 466; Railway v. Johnson, 92 Tex. 591, 50 S. W. 563; Railway v. Tiffany, 94 Tex. 571, 63 S. W. 619.

The trial court charged the jury that proof that the fire was caused by the escape of sparks from appellant's engine established a prima facie case against appellant "as the law presumes negligence from such setting out of fire," but further instructed the jury as follows: "If you believe from the evidence that the fire which destroyed the cotton of plaintiffs W. A. Morgan & Bros. was set out by the escape of sparks of fire from defendant's engine, then plaintiffs should recover, unless you believe from the evidence that the defendant used ordinary care, as hereinbefore defined in these charges, to equip its said engine with the best approved appliances for the arrest of sparks and the prevention of fires, in general use by railway companies, and used ordinary care, as that term had been hereinbefore defined, to provide its engine with the best approved fuel for use in said engine, in general use by railway companies, to prevent the escape of sparks and setting out fire, and that in operating its engine at said time and place, under the circumstances then existing, its employés in charge of the same used ordinary care, as hereinbefore defined in these charges, to prevent the escape of sparks and setting out fire, or unless plaintiffs W. A. Morgan & Bros., or their agents, were guilty of such negligent acts or omissions as directly and proximately contributed to the destruction of their said cotton. But, in this connection, you are told that plaintiffs' right of recovery, if any, would not be defeated by reason of any contributory negligence of plaintiffs, if any, if you believe from the evi-

dence that the employés of the defendant railway company, operating its engine, discovered and knew the peril, if any, from loss by fire, to the cotton on the platform, including that of plaintiffs W. A. Morgan & Bros., if sparks of fire should escape from said engine and ignite said cotton, and said employés thereafter, with such knowledge, so operated said engine as to negligently cause the fire and plaintiffs' loss. Unless you believe from the evidence that the fire which destroyed W. A. Morgan & Bros.' cotton was set out by sparks from the railway engine of defendant, you will return a verdict in favor of defendant. If, on the other hand, you believe from the evidence that the fire which destroyed the cotton of plaintiffs W. A. Morgan & Bros. was set out by the escape of sparks of fire from defendant's engine, and plaintiffs' loss was caused thereby, then the plaintiffs would establish a prima facie case, which would entitle them to a verdict, as the law presumes negligence from such setting out of fire. If, however, you believe from the evidence that the defendant railway company had used ordinary care, as that term has been hereinbefore defined, to equip its engine which was switching around the compress shortly prior to the fire, with the best approved appliances for the arrest of sparks and the prevention of fires, in general use by railway companies, and that it used ordinary care, as that term has been heretofore defined in these charges, to keep such appliances properly installed in its engine, and in a proper condition of repair to prevent the escape of sparks and setting out of fires, and that it used ordinary care, as that term has been heretofore defined in this charge, in the selection of a fuel which was in use generally by railway companies for such purpose, then the defendant, by such testimony, would rebut and overcome the presumption of negligence which would arise merely from setting out said fire, if it did set it out, and, if you believe from the evidence that such facts are shown by a preponderance of the testimony, then plaintiffs would only be entitled to recover by proof of affirmative acts of negligence on the part of defendant, directly causing the fire and damage complained of by plaintiffs upon this branch of the case."

[2] It will be noted that, in addition to proof of the engine being equipped with best approved appliances for the arrest of sparks and the prevention of fires, in general use by railway companies, and the maintenance of such appliances in a proper condition, and careful operation of the engine, the evidence must show, in order to exonerate appellant, that ordinary care was used by it "in the selection of a fuel which was in use generally by railway companies for such purposes," which is an additional burden that would rest upon appellant to those placed upon railway companies in the cases hereinbefore

cited. It was not alleged in the petition that appellant used an inferior grade of coal in its engines, but that it was negligence to use coal of any kind, and it "was charged with the duty of providing fuel oil, in the use of which there was no danger of spreading or setting out fire, and which was almost universally used by all the best equipped and managed railroad systems in Texas." If it had been alleged that appellant had used an inferior grade of coal which would throw out a greater quantity of sparks or cinders than a higher grade of coal, the kind of coal used by appellant being peculiarly within its knowledge, the burden may, under the action of the rule that the burden of proof is on him who best knows the facts, have rested upon appellant to prove the grade of the coal, because it might, and probably would, be difficult, if not impossible, for the appellee to do that. In regard, however, to oil being a better fuel with which to operate engines, and the fact of its general use by the best equipped roads, appellees would have the same free, unimpeded access to the facts as the railway company would have, and the reason for placing the burden upon the appellant would have no foundation upon which to rest. There can be no valid reason given for placing a burden upon railway companies in cases of fire in addition to those to which the Texas cases have confined themselves, unless the reason for resting the other burdens upon them applies to the additional burden. Railway v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 294. It may be that it might be negligence to use an inferior fuel, known to be of a dangerous character, such as coal instead of oil, but, if so, the burden would rest upon the party charging it as negligence, in a suit like this, to show it, and it would not devolve upon the railway company to prove that it was using the best fuel commonly used by the best equipped railway companies.

[3] It is useless to assert that requiring proof that appellant was using the best kind of fuel used by other railway companies did not place any burden upon it, when the charge informed the jury that proof of the fact that sparks emitted from appellant's engine had set fire to the cotton on the platform had made out a prima facie case, and that such case would only be rebutted and the presumption of negligence removed by the evidence showing that ordinary care had been used in obtaining the best spark arresters and keeping them in repair, and a fuel used that was generally used by railway companies and the engine properly operated. Not one, but all, of those matters had to be proved to avoid the effects of proof of the emission of the sparks and the destruction of the cotton. Ordinary care is merely the test as to negligence, and requiring the exercise of ordinary care in the selection of a fuel for its engines was the highest duty that could be placed upon it, and proof of such ordinary care would be the heaviest burden that could be placed upon it. Not only was the burden placed upon appellant of proving that appellant had exercised ordinary care in the selection of spark arresters, in keeping them in repair, in using a certain kind of fuel and in operating the engine, but all of those matters were required to be shown by "a preponderance of the testimony," because the court said: "If you believe from the evidence that such facts are shown by a preponderance of the testimony, then plaintiffs would only be entitled to recover by proof of affirmative facts of negligence on the part of defendant, directly causing the fire and damage complained of by plaintiffs upon this branch of the case." "Such facts" referred to by the court were those establishing the use of best approved appliances in good condition, careful operation, and the use of fuel oil. If the charge did not cast the burden on appellant of rebutting the prima facie case it had defined, it had no meaning at all.

Appellees cite five cases as authority for the proposition that "a charge, which in one paragraph instructs that the burden of proof is upon the plaintiffs to establish their right of recovery, and in another paragraph directs that, if a preponderance of the evidence shows that defendant has used ordinary care in the several particulars, plaintiff could not recover, does not shift the burden of proving the defenses by a preponderance of the evidence or in any other manner," but a review of them will show that they do not sustain the proposition. In this case the court had instructed the jury that, if they found that the sparks from an engine belonging to appellant had ignited and destroyed the cotton of appellees, a prima facie case had been made out "which would entitle them to a verdict, as the law presumes negligence from such setting out of fire," and the effect of the charge immediately following was that appellant must rebut that presumption of negligence by proof of certain matters by a preponderance of the testimony. In none of the cases cited had the court in terms declared that the law presumed a case in favor of the plaintiff on proof of one or two isolated facts, and, in effect, shifted the burden to the defendant, as in this case. In the case of Railway v. Alderete, 36 Tex. Civ. App. 145, 81 S. W. 1246, this court did not pass on the criticized charge, because, as stated in the opinion, there was no assignment that questioned the charge given by the court. In the case of Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 548, the burden had not been shifted by the court to the defendant, and the contest being over the fact as to whether or not a contract had been made between the parties, it took a preponderance of testimony to either show there was or there was not a contract. The case of Burkett & Barnes v. Miller, 106 S. W. 1153, is similar to the last

mentioned; the existence or not of a contract being at issue. The case of Woodmen v. McCoslin, 126 S. W. 894, was not one in which a presumption of law as to the facts had been given in charge to the jury. The distinction sought to be made is fully recognized in a number of cases. Railway v. Johnson, 28 Tex. Civ. App. 395, 67 S. W. 182; Railway v. Hooser, 44 Tex. Civ. App. 229, 97 S. W. 709; Railway v. Starks, 109 S. W. 1003.

[4] When a passenger is injured by the breaking down of a car, the derailment of a train, the spreading or breaking of the rails, proof of either of those facts will make out a prima facie case of negligence against a railway company, and to prevent a recovery the defendant must produce evidence to show that the accident could not have been prevented by the exercise of the utmost care and foresight on its part. This would put such cases in a class with cases of fire, such as this under consideration, and decisions in cases of derailment would have application to cases of fire. The rule in derailment cases is clearly set out in the case of Railway v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103, as follows: "Although the derailment of the train may have been sufficient to raise the presumption of negligence, yet it did not devolve upon the defendant the duty of showing by evidence of a preponderating weight that the accident was not the result of its negligence. It was entitled to a verdict if the evidence upon the issue was balanced; that is, if it preponderated on neither side." In that case a derailment had been shown, and the court instructed as to the defense "that if they (the jury) believe from a preponderance of the evidence that the train was not run at a dangerous rate of speed, and that the piles (constituting the load) were not negligently loaded on the cars, and that the employés did not fail to keep a proper lookout, they should find for defendant." And it was condemned in the language quoted. In applying the decision in the Lauricella Case to a case of property destroyed by fire originating from sparks from an engine, Judge Gill, in the case of Highland v. Railway, 65 S. W. 649, held: "But, on the issue of proper equipment, proper repair, or careful handling, the burden is still upon plaintiff, so that, if the proof upon these issues should be evenly balanced, the verdict should be for defendant." In the case of Railway v. Day, 50 Tex. Civ. App. 407, 111 S. W. 663, the court, in speaking of a case of collision, said that proof of that fact and injury to plaintiff made out a prima facie case, and held: "Under the well-established rules of evidence in this state, the burden of proof on the whole case is on the plaintiff, and the mere fact that he has discharged that burden at some stage of the proceeding by proof amounting to a prima facie case does not authorize an instruction that the burden then shifts to the defendant to establish by a preponderance of the evidence its freedom from negligence, for, as pointed out by Chief Justice Gaines, in Mexican Cent. Ry. Co. v. Lauricella, 87 Tex. 277 [28 S. W. 277, 47 Am. St. Rep. 103], the defendant would be entitled to a verdict if the evidence upon the issue was balanced; that is, if it preponderated on neither side."

Reverting to that part of the charge which required proof as to the fuel used by appellant, we think that it was error because it devolved the burden of showing the class of fuel used upon appellant in order to meet the prima facie case. The Supreme Court in the case of Railway v. Levine, 87 Tex. 437, 29 S. W. 466, reiterates: "It is the well-established law in this state that, when fire is set out by sparks from an engine on a railroad, the law presumes negligence, and the plaintiff is entitled to recover for damages done by the fire so set out; unless the railroad company shall prove that its engine was provided with the best approved apparatus for arresting sparks and preventing their escape, and properly operated." That is all that is required by any of the Texas decisions, and as said in the case of Edwards v. Campbell, 12 Tex. Civ. App. 246, 33 S. W. 764: "As to negligence arising in other respects—that is, as to facts that are not peculiarly within the knowledge of the employés of the company—the burden remains upon the plaintiff, and he must show the negligence in order to recover." The decisions of Texas have made cases of fire sui generis, in that in those cases, as in no others, it is permitted to the trial judge to state that a presumption of negligence arises from proof of certain facts, which must be rebutted by certain facts in order to form a defense, and we think those cases have gone as far as right and justice would tolerate, and we have no authority for placing an additional burden in such cases upon a railway company in order to meet the presumption raised by certain proof. Neither the opinion on a former appeal of this case, nor that in Loeb Comp. Co. v. Bromberg, 140 S. W. 475, sustains the charge as to its being incumbent upon appellant to prove the use of oil instead of coal, for that is what it amounted to, in order to rebut the prima facie case made by appellant. It may be, as held in the decisions mentioned, that it may have been negligence for appellant, under the circumstances of this case, to use oil instead of coal, but that was a matter of proof devolving upon appellees to show negligence in that respect, and it did not devolve upon appellant to show that coal was as safe a fuel as oil in order to meet the prima facie case which may have been made by appellees.

[5] It will be noted that in one paragraph of the charge the jury were informed that appellant should have exercised ordinary care "to provide its engine with the best approved fuel for use in said engine, in general

use by railway companies," and in another paragraph that it should have used ordinary care "in the selection of a fuel which was in use generally by railway companies for such purpose." Waiving the discussion of the double test laid upon appellant, we are of the opinion that the exercise of reasonable care should be made the test in the choice of the fuel to be used in steam engines, and the question should be, Would a person of ordinary prudence have used coal in the engine at the time and under the circumstances that it was used in this case? The mere fact that the fuel was not "the best approved" which was generally used by railroad companies would not as a matter of law make appellant guilty of negligence in using the fuel that it did. The use of oil as a fuel in locomotives has been taken up only in the last few years, according to the evidence, and appellant cannot be held to be negligent because it has not taken up the use of oil, but continues to use a fuel that has been in use for many years by railroads, steamboats, factories, etc., and doubtless most railway companies in the Union still use coal. The test of ordinary care is the only one that can be applied in the use of fuel. Glanz v. Railway, 119 Iowa, 611, 93 N. W. 575; Hosiery Co. v. Railway Co., 131 N. C. 238, 42 S. E. 602; Railway v. Phillips, 80 Ark. 292, 96 S. W. 1060.

We conclude that the special charges requested by appellant presented the law of the case in regard to the choice of fuel, and were properly given. They instructed the jury that, if appellant had used reasonable care and prudence "in selecting the fuel used by it, the jury should not find it guilty of negligence," even though they found that "oil or any other substance might have been on the occasion less dangerous." In the main charge, however, the court instructed the jury that appellant must "provide its engine with the best approved fuel for use in said engine" which is in conflict with the test given in the special charges given by the court. We think the rule set out in the court's charge was too onerous. No such test was required in the decision of this case on a former appeal, nor in Loeb Compress Co. v. Bromberg, 140 S. W. 475.

[6] The facts in this case show that the cotton was placed on a platform near the railroad track by the Compress Company, and was permitted to lie there unprotected for a number of weeks, with the knowledge and consent of appellees. Under that state of facts, the court instructed the jury, in effect, that, although appellees may have been guilty of contributory negligence in placing the cotton in proximity to the railroad, still if appellant discovered the perilous position of the cotton, and failed to exercise ordinary care to prevent the fire, appellees should recover. A similar charge met with the approval of the Court of Civil Appeals of the First Supreme Judicial District on the former appeal, which is apparently in conflict with the opinion of the Supreme Court in the case of Martin v. Railway, 87 Tex. 117, 26 S. W. 1052, in which the facts are almost identical with the facts in this cause. In that case, it was held that there is a class of cases in which, although one person has been negligent, it becomes the duty of another to avoid inflicting injury upon him after discovering his danger, if this can be done by the exercise of such care as is then practicable, and cites a number of cases in support of the rule, all of them being in cases of the death or injuries of human beings, and the court said: "The facts on which the questions certified are predicated do not, however, bring this case within that class of cases, and the ordinary rule in reference to the effect of contributory negligence must be applied." The Supreme Court was emphatic in condemnation of the rule approved in this case on a former appeal. It said: "To hold that the knowledge of the railway company of the situation of the cotton would fix liability on it, if its employés failed to use ordinary care for its protection, although the compress company, the representative of plaintiffs, knew the same fact, and also failed to use ordinary care in view of the surroundings, would be, in effect, to hold that the railway company was under obligation to use greater care for protection of the cotton against fire than were its owners. Such is not the law." The Court of Appeals at Galveston, however, cites the Martin Case as authority for the proposition that if the engineer knew of the situation of the cotton and its peril from the manner in which the engine was being operated, and it was practicable to do his work in some other way, and he failed to do it, the company would be liable in spite of appellees' contributory negligence. In the case of Edwards v. Bonner, 12 Tex. Civ. App. 236, 33 S. W. 761, the Court of Civil Appeals of the Third District applied the doctrine of discovered peril in a case where cotton had been burned by sparks from an engine while it was lying on a platform near the railroad track. That court said: "We understand the law upon this subject to be that, if the plaintiff is guilty of negligence in placing himself or property in a position of danger, he is barred of recovery, unless it is shown that the injury was inflicted under circumstances which show that defendant discovered the peril or danger, or could have done so by the exercise of ordinary diligence, and that such danger was imminent, and that in the exercise of ordinary diligence under the circumstances with means at his control he could have prevented the catastrophe." Cases of death or personal injury of human beings are cited in support of the text. In the case of Bennett v. Railway, 11 Tex. Civ. App. 423, 32 S. W. 834, cotton on a platform near the railway track was destroyed by fire communicated by sparks from an engine, and the Court of Civil Ap-

peals of the Fifth District held: "The railway company has a perfect right to run its engines along its line of railway, but it is held to a certain degree of care in doing so, viz., such care as a person of ordinary prudence would commonly exercise under like circumstances, and the degree of care required in each case is proportioned to the amount of danger probably consequent upon a failure to exercise such care. A property owner has a perfect right to keep property near the line of railway, but such property owner is held to a certain degree of care to prevent its loss or destruction, viz., such care as a person of ordinary prudence would commonly exercise under like circumstances. If appellants in keeping their cotton near the railway came up to this measure of care, they were not guilty of any negligence; otherwise they were. If appellants were guilty of negligence, and it caused or contributed to the injury, then they cannot recover under any state of facts. But if appellee was guilty of negligence under the rule above given, and such negligence caused the injury, and appellants were not guilty of any contributory negligence under such rule, then such appellants would be entitled to a recovery." In the case last cited the Martin Case was followed, and we think it states the correct rule in cases of this character. If the destruction of the cotton was caused by the negligence of the appellant alone, appellees should recover, but if they were guilty of placing their cotton in a place of danger from sparks of the engines operated by appellant in a proper manner, and failed to cover it or give it any protection, they should not be permitted to recover. The test in each case is the exercise of ordinary care; that is, such care as would be exercised by an ordinarily prudent person under like circumstances.

We have always understood that the rule as to discovered peril arose from the high regard for the persons and lives of human beings, and that the great desire was to protect them, under circumstances which could not apply in the protection of property, or, in other words, that the only exception to the rule that he who is guilty of contributory negligence cannot recover is that in which the peril of a human being is discovered and adequate means are not used to prevent the injury. The doctrine of comparative negligence has always been repudiated in this state until it was made the rule by the statute of 1909 in suits brought by employés or their representatives against common carriers for damages arising from personal injuries or where the injuries result in death. The exercise of ordinary care is all that is required of a railway company in equipping, keeping in repair, and operating its engines; and a party cannot by his negligently exposing inflammable property to the sparks that may be emitted from an engine while being operated in the furtherance of the lawful designs permitted under the charter throw a

more onerous burden of responsibility on the railway company. It is so held by the Supreme Court, and that holding should be the law of this case. The facts in the Martin Case were almost identical with those in this case, as will appear in a full statement of them, when the judgment was affirmed in obedience to the opinion of the Supreme Court. 27 S. W. 267. The cotton was on a platform, 74 feet from the track, in full view of any one on the track. It was ignited by sparks from an engine with a defective spark arrester and which was recklessly operated, but the cotton was uncovered and exposed to sparks, and the jury found for the railway company on account of the contributory negligence of the owner of the cotton, and the verdict was sustained by the Court of Civil Appeals and the Supreme Court. We are constrained to follow that case. The error in the charge was intensified in this case by being given at least three times. The facts in this case show that the cotton was placed within six feet of the railway tracks, with no covering over it, with full knowledge that the engines of appellant were, in the lawful prosecution of its business, constantly passing the platform, that appellant used coal as its fuel, that sparks were frequently emitted, and to hold that these facts are all set aside, if appellant knew the cotton was exposed, and did not expend thousands of dollars to change its engines so as to use oil, or change its ordinary method of operating its engines, would be to place a burden on it that the law has never demanded.

[7] If appellant was operating its engine at a speed in excess of that prescribed by the city ordinance, and such excessive speed was the proximate cause of the emission of the sparks that ignited and destroyed the cotton, appellant would be liable, but the excessive speed, although unlawful, would not in itself render appellant liable for the destruction of the cotton. A charge embodying the foregoing rule was commended in Bennett v. Railway, hereinbefore cited, except as to its repetition of a negative.

The fourteenth and fifteenth assignments of error are not well founded, and are overruled.

[8] The court charged the jury: "The burden of proof is upon the plaintiffs to establish their right to recover by a preponderance of the evidence, but this need not be shown beyond a reasonable doubt." The latter part of the charge had no place in a charge in a civil case. The reference to a reasonable doubt may have affected the minds of the jury, because the expression, "beyond a reasonable doubt," is one that is so familiar to jurors in connection with criminal cases that it might cause them to entertain a false idea as to the importance of the term, "a preponderance of the evidence."

[9] We fail to see what pertinency the bills of lading given by appellant to the owners

of the cotton, when it transported the cotton to La Grange, had to the issues in the case. It was not pretended that the cotton was held by the compress company and placed on the platform at the instance of appellant, and, although the right to have the cotton compressed was reserved in the bills of lading to appellant, it had not exercised such right, nor claimed any rights arising therefrom.

For the errors indicated, the judgment is reversed, and the cause remanded.