## CHICAGO, R. I. & G. RY. CO. v. MYERS. (No. 10737.)

(Court of Civil Appeals of Texas. Fort Worth. June 14, 1924.)

1. Railroads ⬅480(3)—Instruction requiring railroad to overcome presumption of negligent fire by preponderance of evidence erroneous.

An instruction that, if fire escaped from one of railroad's engines and caused burning of building, burden was on railroad to prove by preponderance of evidence that it was not negligent in permitting fire to escape, was erroneous, since it was sufficient if railroad proved that it was not negligent by evidence of equal weight with that which grew out of presumption of negligence.

2. Negligence ⬅121(1)—Burden of proof on plaintiff.

Burden of proof is on plaintiff to establish by preponderance of evidence allegations of negligence which form basis of his case, and this burden on whole case does not shift to defendant.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## 3. Railroads ⊂⇒453—Negligence not imputed to railroad using approved spark arresters.

Where fires originate from operation of locomotive despite use of most approved spark arresters and reasonably careful and prudent operation, negligence cannot be imputed to railroad.

Appeal from District Court, Jack County; F. O. McKinsey, Judge.

Action by A. J. Myers, Sr., against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lassiter & Harrison and R. M. Rowland, all of Fort Worth, and H. C. McClure, of Jacksboro, for appellant.

Hood & Shadle, of Weatherford, for appellee.

CONNER, C. J. Some time in September, 1922, a building owned by A. J. Myers, Sr., and occupied by A. J. Myers, Jr., situated near the village of Vineyard, in Jack county, Tex., was destroyed, together with the contents, by fire, and the Myerses, father and son, instituted suit against the appellant railway company upon allegations of negligence in originating the fire.

In a general way, and in substance, the facts show that the line of appellant's railway at the point in question extended from the southeast to the northwest; that south of the right of way was a public road, and south of this public road was the pasture of A. J. Myers. The fire which destroyed the building and its contents was discovered at about 3 or 4 o'clock on a morning stated. On the afternoon before, several trains of the appellant company had passed over its track, one of which passed from the southeast to the northwest before the fire started. No one saw sparks of fire emitting from this or any other train, but within about 30 minutes after the passage of the train last mentioned two witnesses passed along the public road and discovered that fire had originated south of that road and on the northern edge of the pasture, and had burned off grass to within about 150 feet of the house. At the time of the passage of these two witnesses it was observed that a wooden box in the burned area and a cactus pile were burning. These witnesses testified that they beat the blaze out, but were without water, and the evidence tends to show that coals yet remained. The ground between the southern extremity of the burned area and the house had been so used as to render it bare and free from grass or grass roots. The evidence of two witnesses who were attracted by the fire on the night after the passage of the train in the afternoon tends to show that when they arrived at the building the southwest part or rear of the building had first burned; at least their evidence tends to show that at the time they arrived upon the premises the back of the building was in the most advanced state of destruction.

Appellee A. J. Myers, Sr., testified that during the night a brisk wind arose, and the theory of the plaintiff evidently is that this wind carried some of the coals from the burning box or cactus pile over the intervening bare space, and upon the building, and thus ignited it. There was also testimony to the effect that the grass and building were all very dry at the time, and the two witnesses who testified as to having first arrived at the burning building testified that the smoke extended in a spiral form, almost straight up, thus indicating that at that particular time no wind was blowing that could have carried coals from the burned area upon the building.

The appellant company also offered testimony by the engineers of the several trains that passed over the track the afternoon before the fire to the effect that spark arresters on the engines were in good condition, and testimony of the foreman of appellant's shops was also offered to the effect that he had shortly before inspected and found the spark arresters, which were of the most approved form in use, in good order.

The case was submitted to the jury on special issues, the answers to which in substance are that the house in question was set on fire by sparks or cinders escaping from the engine on defendant's train; that such cinders or sparks escaped on account of the negligence of the defendant, its servants or employés, and that such negligence was the proximate cause of the burning of the house. They further answered that the resulting damage to A. J. Myers, Sr., was $1,550, and to A. J. Myers, Jr., because of the destruction of the furniture and other contents of the house owned by him, was $500. And for these sums judgment was accordingly entered, and from such judgment this appeal has been duly prosecuted.

[1, 2] In submitting the issues the court, among others, gave the following charge to the jury:

"If you find from a preponderance of the evidence that fire did escape from one of the defendant's engines and cause the burning of the house in question, then I instruct you that the burden is on the defendant to prove by a preponderance of the evidence that its servants and employees were not guilty of negligence in permitting or causing said fire to escape, as the term 'negligence' is explained to you above."

Appellant duly excepted to this charge, and assigns error to the action of the court in giving it. We are of opinion that the assignment must be sustained, and under the facts in this case the error will require a reversal. No citation of cases is necessary to support the proposition that the burden of proof is upon appellee to establish by a pre-

---

ponderance of the evidence the allegations of negligence which form the basis of his case, and this burden on the whole case does not shift to the defendant. While it is true that, when it is shown that the damage had been caused by fire emitted from a railway locomotive, in order to relieve itself from liability therefor the company must show that it has exercised ordinary care in providing proper equipment for its engines and in keeping them in good condition, and that the engines at the time the fire was communicated were operated in an ordinarily prudent and careful manner, yet it is not required that this proof should be made by a preponderance of the evidence. It is sufficient if it be done by evidence of equal weight with that which grows out of the presumption of negligence which the law implies by proof of the origin of the fire and other evidence offered by plaintiff. The rule which has been adopted by the Supreme Court in this character of cases is one of evidence, and is not intended to shift the general burden imposed upon the plaintiff to the defendant.

[3] Hence, if the evidence in behalf of defendant railway, to the effect that it was without negligence in respect to the escape of sparks or cinders from its engines, and without negligence in the operation of the train or trains supposed to have originated the fire, merely balances in cogency the legal presumption of negligence because of proof that the fire originated from escaping sparks, the defendant would be entitled to a finding in its favor on that issue. See Ry. Co. v. Morgan (Tex. Civ. App.) 146 S. W. 340; Ry. Co. v. Starks (Tex. Civ. App.) 109 S. W. 1004, and authorities there cited. In this case it is perfectly evident the issue of negligence on the part of appellant in having caused the fire was one not only of vital importance, but one upon which the evidence in behalf of the plaintiff was very strongly combatted by that on the part of the defendant. The evidence without contradictions seems to show that with the most approved spark arresters and with reasonably careful and prudent operation of engines it is impossible to at all times prevent the escape of cinders which may originate a fire in grass or other dry substances along its right of way. For fires so originating under such circumstances negligence cannot be imputed to the railway company, and there is no contention to that effect in this case. It is essential that a plaintiff's evidence go beyond this and offer evidence tending to show negligence in respects already pointed out. As presented in the statement of facts before us, no witness testified in opposition to the witnesses in behalf of appellant to the effect that the spark arresters on appellant's engines were defective or not of the most approved form, or that engines to which the fire might have been attributed were operated in a negligent manner. The only circumstance in the evidence from which a contrary conclusion could be deduced is evidence which possibly tends to show that the engine emitted a spark or coal of fire large enough and ejected with force enough to go over the right of way and public road into the pasture of the appellee, A. J. Myers, Sr.

We accordingly conclude, as before indicated, that the charge of the court which we have quoted, and to which appellant objected, placed a burden upon defendant not authorized by law, in that thereunder the appellant was required to prove that it was not guilty of negligence by a preponderance of the evidence.

Other assignments of error have been presented, but, in view of another trial, we do not deem it necessary to discuss or determine the questions therein raised. But for the error pointed out it is ordered that the judgment below be reversed, and the cause remanded for a new trial.

BUCK, J., not sitting.